IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRIDGETT BEARDEN,                                                                                    PLAINTIFF

v.                                          4:20CV01210-KGB-JTK

DOE, et al.,                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.     Introduction**

Bridgett Bearden ("Plaintiff") is incarcerated at the Saline County Detention Center. She filed this law suit pro se pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 4, 10). The Court has recommended that Plaintiff's claims against Defendants Grant, Gann, Fashanke, and Doe be dismissed without prejudice; the Recommendation remains pending. (Doc. No. 12).

On February 28, 2022, Defendant Parker filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 21-23). When Plaintiff had not responded, the Court directed Plaintiff to file a response within 15 days of the date of the Order, or by March 31, 2022. (Doc. No. 28). The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendant Parker's summary judgment

papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute. (Id.) To date, Plaintiff has not filed a response.

After careful consideration of the record before me, and for the reasons explained below, I recommend Defendants' Motion be granted.

## II.   Plaintiff's Claims

In her Second Amended Complaint, Plaintiff made Covid-19-related conditions of confinement claims. (Doc. No. 10). Defendant Parker argues those claims should be dismissed because Plaintiff did not exhaust her administrative remedies. (Doc. No. 21).

## III.   Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."   LOCAL RULE 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.   Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.   FED. R. CIV. P. 56(e).

IV.   Analysis

Defendant Parker argues that Plaintiff failed to exhaust her claims against them.   (Doc. No. 22).

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.   In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"   229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of

3

section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion.  She has not controverted any material fact set forth by Defendant Parker in her statement of undisputed material facts.  Accordingly, all material facts submitted by Defendant Parker (Doc. No. 23) are deemed admitted.  LOCAL RULE 56.1(c); FED. R. CIV. P. 56(e).

In support of her Motion, Defendant Parker, a Sergeant at the Saline County Sheriff's Office having responsibilities overseeing the grievance policy at the Detention Center, submitted her Affidavit.  (Doc. No. 21-1 at ¶ 1).  At the time of the incidents giving rise to this lawsuit, the Saline County Detention Center had in place a grievance policy.  (Id. at ¶ 2.).  Under the policy, a grievance shall be submitted promptly by an inmate following the incident on a specified form. (Id.).  Grievances were to state the time, date, and "names of those detention officers and/or staff members involved and pertinent details of the incident . . . ."  (Id.).  Inmates could submit grievances through the kiosk or on paper forms.  (Id.).  The grievance policy is given to each inmate upon arrival at the Detention Center.  (Id.).

According to Defendant Parker, Plaintiff failed to exhaust her administrative remedies. (Doc. No. 21-1 at ¶ 4).  Defendant Parker says there is no record of Plaintiff filing any grievance relating to the claims in this case.  (Id.).  Ms. Parker attached Plaintiff's grievances to her Affidavit.  (Doc. No. 21-2).

4

The Court has reviewed the grievances. Plaintiff did request a mask (Doc. No. 21-2 at 24), but she did not file a grievance relating to her claims in this case. Even if the request could be construed as a grievance, it does not contain any of the information required by the policy. The remaining grievances were unrelated to the issues in this case.

Plaintiff has not contested any fact. She did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). The Court finds Plaintiff did not exhaust her claims against Defendant Parker. Accordingly, the Court recommends Defendant Parker's Motion for Summary Judgment be granted and Plaintiff's claims against Defendant Parker be dismissed without prejudice. If the pending Recommendation is granted, the dismissal of Plaintiff's claims against Defendant Parker would also resolve the last pending claims in this case. As such, the Court will also recommend that Plaintiff's Complaint, as amended, be dismissed without prejudice.

**V.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Parker's Motion for Summary Judgment on the issue of exhaustion (Doc. No. 21) be GRANTED.

2. Plaintiff's claims against Defendant Parker be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Plaintiff's Complaint, as amended (Doc. No. 10) be DISMISSED without prejudice.

Dated this 4th day of April, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE